LABORDE, Judge.
Plaintiff, the Town of Vinton (Vin-ton), hired Wilbur J. Comeaux, Jr., who had suffered a herniated disc at his previous job. That injury required back surgery. Comeaux was again injured while working for Vinton. Vinton paid Comeaux temporary total disability benefits and also paid the medical expenses he had incurred. Vin-ton then sought reimbursement from the Louisiana Worker’s Compensation Second Injury Board. After a hearing, the Second Injury Board determined that Comeaux was temporarily totally disabled and that such benefits and medical expenses were not subject to reimbursement from the Second Injury Fund. Vinton then filed suit seeking to reverse the Second Injury Board’s determination. The district court reversed the Second Injury Board’s decision and held that Vinton should receive reimbursement for the medical expenses paid for Comeaux. The Second Injury Board now appeals asserting that medical expenses for a temporary totally disabled employee are not subject to reimbursement from the Second Injury Fund. We affirm.
LSA-R.S. 23:1371 provides for the creation of the Louisiana Worker’s Compensation Second Injury Fund. In subpart A, the statute says:
“It is the purpose of this part to encourage the employment of physically handicapped employees who have a permanent, partial disability by protecting employers and insurers from excess liability for worker’s compensation for disability when a subsequent injury to such an employee merges with his preexisting *120 permanent physical disability to cause a greater disability than would have resulted from the subsequent injury alone.”
LSA-R.S. 23:1378 provides for the scheme to determine liability of the Second Injury Fund. Although the statute was revised in 1985, Comeaux’s injury was sustained prior to that revision taking effect. At the time of the accident R.S. 23:1378 stated (in pertinent part):
“A. An employer operating under this Chapter who knowingly employs or knowingly retains in his employment an employee who has permanent partial disability as defined in Subsection (F) hereof, shall be reimbursed from the Second Injury Fund as follows:
⅜ # j(c ⅜ ⅜
(4) An employer entitled to reimbursement from the Second Injury Fund shall be reimbursed from said fund for fifty percent of the first ten thousand dollars paid for necessary medical, surgical, and hospital services and medicine for the same injury; thereafter, the employer shall be reimbursed from said fund for all sums paid pursuant to R.S. 23:1203 for necessary medical, surgical, and hospital services and medicine.”
In the present matter, the parties entered into a written stipulation which was made a part of the record. The stipulation included a provision stating that Comeaux “had a permanent partial disability in existence before the injury of July 12, 1985, which said pre-existing disability was within the definition provided in R.S. 23:1378(F).” The parties also stipulated that Vinton had paid Comeaux $5,484.85 in temporary total disability benefits and $16,-936.25 in medical expenses.
The Town of Vinton was an employer entitled to reimbursement under the meaning of LSA-R.S. 23:1378(A)(4). The Town knowingly employed a physically handicapped employee who had a preexisting permanent partial disability and the injured employee’s disability meets the criteria set forth in LSA-R.S. 23:1371(A) and (C). Examining LSA-R.S. 23:1378(A)(4) in light of the public policy enunciated in LSA-R.S. 23:1371, it is clear that the Town of Vinton is entitled to reimbursement for the medical expenses incurred.
After trial on the merits, the trial court rendered judgment in favor of Vinton in the amount of $11,936.25. This award is equal to the amount of medical expenses compensable under R.S. 23:1378(A)(4).[1] Thus, contrary to the Second Injury Board’s contention, the trial court did not reimburse Vinton for the temporary total disability benefits that it paid to Comeaux.[2] We agree with Vinton and the district court that R.S. 23:1378(A)(4) does not only allow for reimbursement of medical expenses incurred when paying supplemental earnings benefits, permanent partial benefits or death benefits. The statute contains no language limiting medical expense reimbursement to those situations. Therefore, the decision of the trial court awarding Vinton $11,936.25 for medical expense reimbursement is affirmed. Costs of this appeal are taxed to the Louisiana Worker’s Compensation Second Injury Board.
AFFIRMED.

. $5,000 (50% of first $10,000) + $6,936.25 (all additional sums paid) = $11,936.25.

. We agree with the Second Injury Board that such payments are not compensable under R.S. 23:1378.